[Civ. No. 7040. Fourth Dist. Feb. 19, 1963.]

JOHN EDWARD SMITH et al., Plaintiffs and Respondents, v. OLIVER R. HABEGGER et al., Defendants and Appellants.

Boyd A. Taylor for Defendants and Appellants.

John A. White for Plaintiffs and Respondents.

MONROE, J. pro tem.*—Defendants and appellants were adjudged guilty of contempt by the Superior Court of Inyo County and take this appeal. It was found by the trial court that acts done by the defendants in the use of property owned by them constituted a violation of a judgment of injunction entered several years before and that the violation constituted contempt.

Appellants present a number of contentions challenging the sufficiency of the judgment to constitute a basis for a contempt proceeding, which contention would include that of the sufficiency and certainty of the judgment. The difficulty which appellants face, however, is that the order and judgment of contempt is not appealable. ■ In *John Breuner Co.* v. *Bryant,* 36 Cal.2d 877, 878 [229 P.2d 356], the court carefully reviewed the decisions in California and stated:

"It is well settled that orders and judgments made in cases of comtempt are not appealable, and this rule has been held applicable both where the trial court imposed punishment for contempt and where the alleged contemner was discharged. [Citations.] ■ An order or judgment in a contempt matter may, however, be reviewed by certiorari [citations], and, where appropriate, by habeas corpus [citations]."

The general rule is stated in 12 Cal.Jur.2d at page 100: "A review in contempt cases can be had only by habeas corpus, certiorari, and in some instances, prohibition—whichever may be appropriate under the circumstances. The scope of the inquiry is limited to jurisdiction. In such proceedings, the reviewing court may examine the acts charged, to determine if they are contemptuous, for the purpose of passing upon the jurisdiction."

We have no alternative, therefore, except to dismiss the appeal. We do not express any opinion as to whether the judgment of injunction is sufficiently definite and certain to form a basis for the contempt order or whether there was a sufficient showing to find defendants in contempt.

The appeal is dismissed.

Griffin, P. J., and Coughlin, J., concurred.

*Assigned by Chairman of Judicial Council.